**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43101**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2016 Unpublished Opinion No. 471 |
| | ) | |
| **Plaintiff-Respondent,** | ) | Filed: April 6, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **LARRY LAKE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Larry Lake appeals from his judgment of conviction. Specifically, he appeals from the district court's denial of his motion to suppress. Lake argues the district court erred in finding the officer investigating a report of all-terrain vehicles racing on a public road had probable cause to initiate a traffic stop, and based on the information gathered during the traffic stop, to investigate Lake for driving under the influence of alcohol. For the reasons set forth below, we affirm the district court's denial of the motion to suppress.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Fruitland Police Department received a call reporting that three ATVs were racing on a public street. An officer went to investigate the call. As the officer was driving to the location of the ATVs, she saw two ATVs and noticed both of them pull off the road to the gravel shoulder. One of the ATVs then circled around onto the road and back onto the shoulder where

1

it stopped next to the other ATV, which was idling. Lake was driving the ATV that was idling when the officer pulled up. The officer noticed that neither of the ATVs had any license plates, registration stickers, turn signals, or rearview mirrors and were being driven in a residential neighborhood. The officer effected a traffic stop and asked Lake what he was doing.

As the officer was talking to Lake about the above issues, the officer noticed indicia of alcohol consumption. Lake exhibited bloodshot and glassy eyes and smelled of alcohol. The officer asked Lake if he had been drinking before driving the ATV, and Lake confirmed that he had. Given that, the officer then investigated Lake's level of intoxication, which resulted in an arrest for a charge of driving under the influence of alcohol.

Lake filed a motion to suppress the evidence obtained as a result of the DUI investigation, arguing the officer did not have reasonable suspicion to stop him. The district court denied the motion, finding the officer had reasonable suspicion to make the traffic stop, and based on information gathered during that investigation, the officer had reasonable suspicion to investigate whether Lake was driving under the influence of alcohol. Lake entered a conditional guilty plea, reserving his right to appeal the denial of the motion to suppress.

## II.
## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.
## ANALYSIS

Although Lake concedes the officer likely had reasonable suspicion to believe Lake was operating the ATV contrary to traffic laws, he nonetheless asserts that the district court erred in finding the stop was constitutionally valid.

2

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.*

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Idaho Code §§ 67-7122(1), 49-402(4), and 49-428(1)(a) require that ATVs be licensed and the license validation sticker must be visible on the ATV along with the license plate. Idaho Code § 49-426 exempts ATVs used for agricultural purposes from the licensing requirements of I.C. § 67-7122(1).

Here, the officer had a reasonable suspicion that Lake was driving the ATV contrary to traffic laws when the officer saw Lake driving the ATV on a public road with no visible license plate or registration sticker. As such, the initial traffic stop was legally permissible.

During the course of the officer's investigation of the ATVs and whether the ATVs were being raced or used for agricultural purposes, the officer interviewed Lake and noticed the smell of alcohol coming from his person. Upon questioning, Lake confirmed that he had consumed alcohol. Because the officer had observed Lake driving on a public road, the officer had reasonable suspicion that Lake was driving under the influence of alcohol and, therefore, the

3

officer was legally permitted to confirm or dispel that suspicion by further inquiry. Thus, nothing the officer did violated any constitutional provisions, and we affirm the decision of the district court's denial of the motion to suppress the evidence obtained during the traffic stop.

## IV.

## CONCLUSION

We conclude the district court correctly denied Lake's motion to suppress. Therefore, the judgment of conviction is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.